IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. 3-05-CR-0020-B |
| | § | NO. 3-09-CV-0983-B |
| ADEKUNLE O. ADEYINKA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Adekunle O. Adeyinka, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed without prejudice.

I.

In 2005, a jury convicted defendant of failure to depart under a final order of removal in violation of 8 U.S.C. § 1253(a)(1)(B). Punishment was assessed at 27 months confinement, followed by a two-year term of supervised release. His conviction and sentence were affirmed on direct appeal. *United States v. Adeyinka*, 205 Fed.Appx. 238, 2006 WL 3253631 (5th Cir. Nov. 9, 2006). Upon his release from prison, immigration officials asked defendant to sign the necessary travel documents to effect his removal to the United Kingdom--a condition of his supervised release. When defendant refused, he was charged with a supervised release violation. The district court found that defendant violated the conditions of his release by failing to sign the travel documents, sentenced him to 14 months confinement, and placed him on supervised release for one year. That judgment also was affirmed on direct appeal. *United States v. Adeyinka*, 268 Fed.Appx. 312, 2008 WL 631311 (5th Cir. Mar. 5, 2008).

Defendant discharged his 14-month prison sentence on or about June 17, 2008. After defendant again refused to assist immigration officials in obtaining the necessary travel documents to effect his removal, the government filed another motion to revoke defendant's supervised release. The district court found that defendant violated the conditions of his release by refusing to assist in his removal and sentenced him to 24 months confinement. On May 20, 2009, five days after he was sentenced, defendant filed a *pro se* notice of appeal. That appeal is currently pending before the Fifth Circuit. On May 27, 2009, defendant filed the instant motion under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that his 24-month prison sentence for violating the conditions of his release is illegal because he was supposed to be on supervised release for only one year.

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988), *cert. denied*, 109 S.Ct. 2450 (1989), *citing Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). Where, as here, a defendant seeks section 2255 relief while a direct appeal is pending, the district court should decline to address the motion. *See, e.g. Canales v. United States*, No. 3-07-CV-0078-L, 2007 WL 646189 at *1 (N.D. Tex. Feb. 28, 2007) (defendant may not seek post-conviction relief while direct appeal is pending); *Risby v. Wendt*, No. 3-04-CV-0291-R, 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004), *rec. adopted*, 2004 WL 937013 (N.D. Tex. Apr. 29, 2004), *appeal dism'd*, No. 04-10533 (5th Cir. Nov. 15, 2004) (construing application for writ of habeas corpus as a section 2255 motion and dismissing case without prejudice because underlying criminal conviction was on appeal); *United States v. Norwood*, No. 7-06-CV-187-R, 2006 WL 3350207 at *1 (N.D. Tex. Nov. 15, 2006) (dismissing section 2255 motion as "premature" where direct appeal was pending).

## **RECOMMENDATION**

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to post-conviction relief at this time. Accordingly, defendant's motion to correct, vacate, or set aside his sentence should be summarily dismissed without prejudice. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 28, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE